**Lucia GALAVIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–70483.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

Lucia Galaviz, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Earle B. Wilson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Lucia Galaviz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's order of removal. On appeal, Galaviz contends that her case should be remanded because she was unable to file a timely application for cancellation of removal before the Immigration Judge due to ineffective assistance of counsel.

A petitioner asserting a claim of ineffective assistance of counsel is required "to exhaust his administrative remedies by first presenting the issue to the BIA." *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000). "A petitioner must make a motion for the BIA to reopen before we will hold he has exhausted his claims." *Liu v. Waters,* 55 F.3d 421, 424 (9th Cir.1995); *see also Iturribarria v. INS,* 321 F.3d 889, 896 (9th Cir.2003) ("[A]s a practical matter, a motion to reopen is the only avenue ordinarily available to pursue ineffective assistance of counsel claims.").

The record reveals that Galaviz failed to exhaust administrative remedies with regard to her ineffective assistance of counsel claim. Accordingly, we dismiss the petition for review. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004) (exhaustion is jurisdictional).

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.